UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

FIRST AMERICAN TITLE
INSURANCE COMPANY

VERSUS

TITAN TITLE, LLC, DON STELLY AND
CONTINENTAL CASUALTY COMPANY

CIVIL ACTION

NO. 09-485-BAJ-DLD

## RULING ON MOTION FOR SUMMARY JUDGMENT

I.  BACKGROUND

Before the Court is a motion for summary judgment (doc. 26) by defendant, Continental Casualty Insurance Company ("Continental"). Plaintiff, First American Title Insurance Company ("First American"), filed suit against defendants Titan Title, LLC ("Titan") and Don Stelly ("Stelly") on July 24, 2009. As an underwriter and issuer of title insurance, First American was a party to an agency agreement with Titan, which allowed Titan to issue title insurance policies in the name of First American.[1] First American alleges that Titan and Stelly "made numerous errors and omissions in the preparation and handling of closing documents" in relation to the closing of twenty-seven property sales, causing the plaintiff to incur claims expenses and other loses.[2] On October 8, 2009, First American filed a First Amended Complaint (doc. 7), amending the allegations of paragraph 2 of the

---

[1] Complaint, ¶¶ 6 and 7 (doc. 1).

[2] Complaint, ¶¶ 16, 21.

1

original complaint. On January 8, 2010, First American filed a Second Supplemental and Amended Complaint (doc. 12), adding Continental as a party defendant, and supplementing its original claims with claims related to several additional property transactions. First American's Second Supplemental and Amended Complaint alleges that Continental issued professional liability insurance policies to Titan and Stelly, and is therefore solidarily liable for the damages incurred by First American. Continental filed the instant motion for summary judgment on July 15, 2010. First American has filed a memorandum in opposition (doc. 27), and Continental has filed a reply memorandum (doc. 31) in support of the motion for summary judgment. This Court's jurisdiction is based on 28 U.S.C. § 1332, diversity of citizenship.

## II.  SUMMARY JUDGMENT

The purpose of summary judgment is to pierce pleadings and to assess proof in order to determine whether there is a genuine need for trial. *R.J. Reynolds Tobacco Co. v. Hudson*, 314 F.2d 776, 788 (5th Cir. 1963). In considering a motion for summary judgment, the court must construe all pleadings liberally in favor of the party against whom the motion is made, and the motion should be granted only where the moving party is entitled to judgment as a matter of law and the record clearly shows that no genuine issue of material fact exists. *Dassinger v. South Central Bell Tel. Co.*, 505 F.2d 672, 674 (5th Cir. 1974). The party seeking summary judgment bears the burden of showing that there is no material fact in dispute, and

every reasonable inference arising from the record must be resolved in favor of the party opposing the motion. *Hodges v. Exxon Corp.*, 727 F.2d 450, 452 (5th Cir. 1984). A fact is material if it might affect the outcome of the suit under the governing law. *Harken Exploration Co. v. Sphere Drake Ins. PLC*, 261 F.3d 466, 471 (5th Cir. 2001). There is a genuine issue as to a material fact if the evidence is such that a reasonable jury could return a verdict for the non-movant. *Id.*

## III. ARGUMENT

In its motion for summary judgment, Continental argues that it cannot be held liable for any damages sustained by the plaintiff as a result of actions by Titan or Stelly, as those defendants were not covered under any Continental policy at the time that the relevant claims were first reported to Continental. Continental submits that it issued a Lawyers Professional Liability Policy to the Stelly Law Firm, LLC covering the period of August 16, 2008 through August 16, 2009.[3] Continental cites the preamble of the policy, containing a "claims made" provision, which states:

> **THIS IS A CLAIMS MADE AND REPORTED POLICY. IT APPLIES ONLY TO THOSE CLAIMS THAT ARE BOTH FIRST MADE AGAINST THE INSURED AND REPORTED IN WRITING TO THE COMPANY DURING THE POLICY PERIOD.** [4]

---

[3] The policy contains an endorsement amending its terms to include Titan as an insured. See, Continental's Exhibit 2 (doc. 26-4).

[4] See, Continental's Exhibit 2, Lawyer's Professional Liability Policy, p. 1 (doc. 26-4).

3

Noting that it was not named as a defendant until the filing of the Second Amended Complaint, Continental submits that it did not receive notice of First American's claims until being served with copies of the original Complaint, First Amended Complaint and Second Supplemental and Amended Complaint on January 27, 2010.[5] As the plaintiff's claims were not reported to the insurer until after the policy expired, Continental maintains that there can be no coverage for either Titan or Stelly. In support of its argument, Continental cites the Louisiana Supreme Court's decision in *Hood v. Carter*, 2008-0215 (La. 12/2/08), 5 So.3d 819.

In opposition to Continental's motion for summary judgment, First American submits that it first became aware of the existence of the Continental policy only after filing suit against Titan and Stelly. The plaintiff maintains that by virtue of filing the original Complaint on July 24, 2009, it made a timely claim during the existence of the policy period. Moreover, the First American argues that enforcement of the claims made provision of the Continental policy would divest First American of its right to pursue its timely claim, in violation of La. R.S. 22:868, the Louisiana Direct Action statute.[6] The plaintiff submits that it would be unlawful to deprive the company of its right of action for failure to report the claim during the policy period, as it is not within the power of a third party, such as First American, to give notice

---

[5] See, Continental's Exhibit 1, Affidavit of Continental Claims Specialist David Cole (doc. 26-3).

[6] Although First American repeatedly cites this provision as La. R.S. 12:1269, it is clear from the statutory language quoted in its memorandum that the plaintiff refers to La. R.S. 22:868.

4

to a defendant's liability insurer, as mandated by the claims made policy provision. Further, First American distinguishes the cases cited by Continental, arguing that in those cases, the plaintiff failed to make a claim against the insured within the policy period, whereas in the instant case, a timely claim was made by filing suit against the insured during the policy period.

## IV.   LAW AND ANALYSIS

The Court finds that *Hood v. Carter* is determinative of the issue presented, and in conformity with the Louisiana Supreme Court's opinion in that case, concludes that summary judgment should be granted in favor of Continental. As in the present case, *Hood* concerned a "claims made" insurance policy provision, which limited coverage to only those claims which were both made and reported to the insurer within the policy period. The Court considered whether this provision, contained in a medical malpractice liability insurance policy, violated the Louisiana Direct Action Statute, where a claim arose during the policy period but was made and reported to the insurer outside of the policy period. The Court reiterated its holding from the previous cases of *Anderson v. Ichinose*, 98-2157 (La. 9/8/99), 760 So.2d 302, and *Livingston Parish Sch. Bd. v. Fireman's Fund Am. Ins. Co.*, 282 So.2d 478 (La. 1973), where the Court determined that claims made policies are not *per se* impermissible as against public policy. The Court also noted the "general principle that, in absence of conflict with statute or public policy, insurers may by unambiguous and clearly noticeable provisions limit their liability and impose such

5

reasonable conditions as they wish upon the obligations they assume by their contract." *Hood*, at 825-26.

The Louisiana Supreme Court rejected the plaintiff's argument that the claims made provision violated the Direct Action Statute, explaining that "the claims made policy denies coverage to defendant for plaintiff's claim, but it does not itself limit plaintiff's right of action. To hold otherwise would effectively convert a claims-made policy into an occurrence policy and change the bargained-for exchange between the insurer and the insured." *Hood*, at 830. This reasoning also forecloses First American's argument in the instant case. The claims made provision of the Continental policy does not divest First American of its right of action against Stelly or Titan, but does deny coverage by Continental for these claims. "The Direct Action Statute affords a victim the right to sue the insurer directly when the liability policy covers a certain risk. The statute does not, however, extend the protection of the liability to risks that were not covered by the policy or were excluded thereby." *Anderson v. Ichinose*, 98-2157 (La. 9/8/99), 760 So.2d 302, 307. The clear and unambiguous language of the Continental policy states that liability protection extends only to those claims that are made and reported to the insurer within the policy period, and in this case "the event that triggered policy coverage [the report of the claim to the insurer] simply did not occur during the policy period." *Hood*, at

6

830. The Direct Action statute does not confer coverage to risks which are not bargained for under the terms of the policy.[7]

The Court finds equally unavailing the plaintiff's argument that *Hood* and its preceding line of cases should be distinguished on the basis that they involved scenarios where claims were not made during the policy period, rather than instances where claims were made but not reported. The rationale articulated in *Hood* does not distinguish between the requirement that a claim be made during the policy period and the requirement that the claim be reported during that time. As stated plainly by the *Hood* court, "we do not interpret La. R.S. 22:629 [now 22:868] as prohibiting the claims-made policy provision that makes coverage dependent upon a claim being first made ***and reported*** during the policy period." *Id.* (emphasis added)

## V. ORDER

Accordingly, for the reasons stated herein, Continental Casualty Insurance Company's motion for summary judgment (doc. 26) is hereby **GRANTED**.

Baton Rouge, Louisiana, November 21, 2011.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[7] This conclusion is further supported by *Vitto v. Davis*, 2009-498 (La.App. 3 Cir. 11/4/09), 23 So.3d 1048, where the appellate court, applying *Hood*, held that the claims made provision of a professional liability policy barred coverage, despite the plaintiff's contention that he had absolutely no knowledge that he possessed a claim against the insured attorney defendant until after the expiration of the policy period.