UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FIRST AMERICAN TITLE
INSURANCE COMPANY

VERSUS

TITAN TITLE, LLC, DON STELLY AND
CONTINENTAL CASUALTY COMPANY

CIVIL ACTION

NO. 09-485-BAJ-DLD

# RULING

This matter is before the Court on a joint motion by plaintiff, First American Title Insurance Company ("First American"), and defendant, Continental Casualty Company ("Continental"), for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) (doc. 33).

On July 24, 2009, plaintiff filed this lawsuit against Titan Title, LLC, and Don Stelly, asserting claims of legal malpractice. On January 8, 2010, plaintiff filed a Second Supplemental and Amended Complaint, naming Continental as a defendant under Louisiana's Direct Action Statute and asserting that the alleged acts of malpractice were covered by a professional liability policy issued by Continental to the Stelly Law Firm, LLC.

On November 21, 2011, the Court granted a motion by defendant, Continental, for summary judgment dismissing all claims asserted against it and noted that "[t]he claims made provision of the policy does not divest First American of its right of action against Stelly or Titan, but does deny coverage by Continental for these claims" (doc. 32, p. 6).

Federal Rule of Civil Procedure 54(b) provides, in pertinent part:

> When an action presents more than one claim for relief-whether as a claim, counterclaim, crossclaim, or third-party claim-or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all of the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

For judgment to be rendered pursuant to Rule 54(b):

> A district court must first determine that it is dealing with a "final judgment." It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action."

*Curtiss-Wright Corp. V. General Electric Co.*, 446 U.S. 1, 7, 100 S.Ct. 1460, 1464, 64 L.Ed.2d 1 (1980) (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436, 76 S.Ct. 895, 900, 100 L.Ed. 1297 (1956)).

The Court's ruling of November 21, 2011, dismissed all claims asserted in this matter against defendant, Continental and is, therefore, an ultimate disposition of all of plaintiff's claims as to that defendant. Thus, the Court concludes that it is a final judgment as to the claims asserted against Continental.

> Once having found finality, the district court must go on to determine whether there is any just reason for delay. Not all final judgments on individual claims should be

> immediately appealable, even if they are in some sense separable from the remaining unresolved claims. The function of the district court under the Rule is to act as a "dispatcher." It is left to the sound judicial discretion of the district court to determine the "appropriate time" when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised "in the interest of sound judicial administration."

*Id.* (internal citations omitted).

"When some of the same facts form the basis for several claims, the existence of separate claims for purposes of Rule 54(b) depends on an analysis of their distinctness." *Tubos de Acero de Mexico, S.A. v. American Intern. Inv. Corp., Inc.*, 292 F.3d 471, 485 (5th Cir. 2002).

Viewing the matter before the Court in light of the foregoing, the Court concludes that, though the claims asserted against the various parties are similar, the claim asserted against Continental Insurance is distinct from the claims asserted against Titan Title, LLC, and Don Stelly in that the claim and its dismissal are grounded in the policy of insurance issued by Continental Insurance to the Stelly Law Firm, LLC. The Court also notes plaintiff's assertion that, as a practical matter, "First American's recovery, absent a reversal of the judgment dismissing Continental, may not justify the expense of a full trial on the merits" (doc. 33-1, p. 3). Thus, the Court also concludes that the interests of sound judicial administration favor a conclusion that there is no just reason for delay.

## CONCLUSION

For all of the foregoing reasons, the Court finds that there is no just reason for delay of the entry of final judgment under Rule 54(b) as to all claims asserted in this matter against Continental Casualty Company. Accordingly, the joint motion by plaintiff, First American Title Insurance Company ("First American"), and defendant, Continental Casualty Company ("Continental Insurance"), for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) (doc. 33) is **GRANTED**. A separate judgment shall issue in accordance with this ruling.

Baton Rouge, Louisiana, March 27, 2012.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA